IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RXSTRATEGIES, INC.,

    Plaintiff,                                **UNOPPOSED MOTION**

v.                                           CASE NO. 8:18-cv-1087 T30TGW

CVS PHARMACY, INC. and
WELLPARTNER, LLC.

    Defendants.
_____/

## DEFENDANTS' UNOPPOSED MOTION TO SEAL

Pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule 1.09, Defendants CVS Pharmacy, Inc. and Wellpartner, LLC, without opposition, move for the entry of an order allowing them to file under seal an unredacted version of (1) their Opposition to Plaintiff RxStrategies' Amended Motion for Preliminary Injunction ("Opposition"); (2) Exhibit 1 to the Opposition (Declaration of Christian Reid), including Exhibits A and B; (3) Exhibit 2 to the Opposition (Declaration of Tom Hagan); and (4) Exhibit 4 to the Opposition (Declaration of Tapan Padhi). Defendants have filed redacted versions of the Opposition, Exhibit 1, Exhibit 2, and Exhibit 4 on the public docket. In support of their motion, Defendants address each of the local rule's requirements below:

116290012.1

(i) **An identification and description of each item proposed for sealing**:

    a. Opposition to Plaintiff RxStrategies' Amended Motion for Preliminary Injunction: factual and legal arguments in support of Defendants' position that Plaintiff is not entitled to a preliminary injunction;

    b. Exhibit 1: Declaration of Christian Reid in support of Defendants' Opposition to Plaintiff's Amended Motion for a Preliminary Injunction;

    c. Exhibit A to the Declaration of Christian Reid: 340B Proforma Requests submitted to CVS on behalf of a covered entity by RxStrategies and two other administrators on three separate dates;

    d. Exhibit B to the Declaration of Christian Reid: 340B Proforma Requests submitted to CVS by RxStrategies on behalf of covered entities prior to May 5, 2016;

    e. Exhibit 2: Declaration of Tom Hagan in support of Defendants' Opposition to Plaintiff's Amended Motion for a Preliminary Injunction;

    f. Exhibit 4: Declaration of Tapan Padhi in support of Defendants' Opposition to Plaintiff's Amended Motion for a Preliminary Injunction.

(ii) **The reason that filing each item is necessary**: Defendants are responding to Plaintiff's Amended Motion for a Preliminary Injunction, which involves claims for alleged breach of a nondisclosure agreement; alleged misappropriation of trade secrets; and alleged

tortious interference with business relationships. On November 7, 2018, the Court granted Plaintiff's unopposed motion to file under seal Exhibit 4 to its Amended Motion for Preliminary Injunction (Dkt. 47-4) and Exhibits 1-4, 6, 7, and 9-11 (Dkt. 47-1) to the declaration in support of its Amended Motion (Dkt. 57, Order Granting Plaintiff's Unopposed Motion to Seal). Defendants' Opposition and Exhibits now discuss and/or cite to those same documents that Plaintiff has filed under seal. In addition, Defendants introduce in their Opposition and Exhibits: (1) additional documents containing the same type of information that Plaintiff has alleged constitutes trade secret information (although Defendants dispute that characterization); and (2) additional information containing Defendants' own confidential, proprietary, and business information, including revenue information for particular customers, which are crucial to rebutting Plaintiff's claims and to assisting the Court's analysis.

    (iii)    **The reason that sealing each item is necessary**:

        a.    Opposition to Plaintiff RxStrategies' Amended Motion for Preliminary Injunction.

Sealing portions of this item is necessary because it cites to and discusses Plaintiff's Exhibits in support of its Amended Motion that were filed under seal. In addition, Defendants' Opposition reveals certain of Defendants' financial information (revenue information for particular customers), which is confidential and proprietary business information, the disclosure of which could provide competitors or customers with an improper advantage and cause irreparable harm to Defendants.

    b. Exhibit 1: Declaration of Christian Reid in support of Defendants' Opposition to Plaintiff's Amended Motion for a Preliminary Injunction.

Sealing portions of this item is necessary because it discusses and refers to information cited in Plaintiff's Amended Motion and Exhibits, which were filed under seal on the grounds that they contain Plaintiff's alleged confidential and proprietary business information, including names of particular covered entity customers of Plaintiff.

    c. Exhibit A to the Declaration of Christian Reid: 340B Proforma Requests submitted to CVS on behalf of a covered entity by RxStrategies and two other administrators on three separate dates.

Sealing this item is necessary because it contains information that Plaintiff claims is trade secret information, although Defendants dispute that characterization, and is the same type of information Plaintiff filed under seal (Exhibit 3 to the Declaration of Fenton Markevich).

    d. Exhibit B to the Declaration of Christian Reid: 340B Proforma Requests submitted to CVS on behalf of a covered entity by RxStrategies prior to May 5, 2016.

Sealing this item is necessary because it contains information that Plaintiff claims is trade secret information, although Defendants dispute that characterization, and is the same type of information Plaintiff filed under seal (Exhibit 3 to the Declaration of Fenton Markevich).

      e.    Exhibit 2: Declaration of Tom Hagan in support of Defendants' Opposition to Plaintiff's Amended Motion for a Preliminary Injunction.

Sealing portions of this item is necessary because it discusses and refers to information cited in Plaintiff's Amended Motion and Exhibits, which were filed under seal on the grounds that they contain Plaintiff's alleged confidential and proprietary business information, including names of particular covered entity customers of Plaintiff. In addition, the Declaration reveals Wellpartner's financial information (revenue information for particular customers), which is confidential and proprietary business information, the disclosure of which could provide competitors or customers with an improper advantage and cause irreparable harm to Defendants.

      f.    Exhibit 4: Declaration of Tapan Padhi in support of Defendants' Opposition to Plaintiff's Amended Motion for a Preliminary Injunction.

Sealing portions of this item is necessary because it contains CVS's internal processes and procedures related to identifying prospective customers, which if revealed could provide CVS's competitors an improper advantage and cause CVS irreparable harm.

(iv) **The reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal**: Filing an unredacted version of the items detailed above is necessary to ensure that the Court has before it all of the information relevant to evaluating CVS's Opposition to Plaintiff's Amended Motion. Defendants are not aware of any means other than sealing that would

satisfactorily protect their interest in their confidential, proprietary, business, and financial information, and Plaintiff's interest in its alleged trade secret information, on the one hand, and allow the Court to fully consider the merits of the Opposition to the Amended Motion, on the other.

(v) **A statement of the proposed duration of the seal**:  Defendants propose that these documents should be sealed for the duration of this lawsuit and any subsequent appeal. The sensitive nature of the documents and information and the potential competitive harm to Defendants, as well as the alleged potential harm to Plaintiff and its customers, support good cause to extend the typical one-year limit.

(vi) **A memorandum of legal authority supporting the seal**:  Generally, the public enjoys a common law right to access materials filed in connection with substantive pretrial motions that are unrelated to discovery.  *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).  Even where the right of access applies, however, it can be overcome by a showing of good cause.  *Id*. at 1245–46.  Good cause exists where, in the trial court's discretion, the public's right to access is outweighed by a party's interest in keeping the information confidential.  *Id*. at 1246.  In balancing these interests, the court considers, among other factors: whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury to the moving party if access is granted, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information relates to public officials or concerns, and the availability of a less onerous alternative.  *Id.*

The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.  Following this principle, courts in the Middle District of Florida have granted motions to seal in cases involving alleged confidential information, including trade secrets.  *See, e.g.*, *Adams Arms, LLC v. Unified Weapons Sys., Inc.*, 8:16-CV-1503-T-33AEP, 2016 WL 3344677, at *1 (M.D. Fla. June 15, 2016) ("The Court determines that these documents are confidential and proprietary, and that good cause exists to seal each document.  Disclosure of the documents to the public could put Plaintiff at a competitive disadvantage or otherwise invade Plaintiff's legitimate business interests."); *Allied Portables, LLC v. Youmans*, 2:15-CV-294-FTM-38CM, 2015 WL 12856560, at *2 (M.D. Fla. Oct. 15, 2015) (finding good cause to grant motion to seal where documents at issue contained "trade secrets and sensitive business and financial content" such that "disclosing the listed documents would jeopardize [the plaintiffs'] competitive advantage, [and] jeopardize the secrecy of [the plaintiffs'] trade secrets").

WHEREFORE, Defendants respectfully request the Court to enter an order allowing Defendants to file under seal an unredacted version of (1) their Opposition to Plaintiff RxStrategies' Amended Motion for Preliminary Injunction; (2) Exhibit 1 to the Opposition (Declaration of Christian Reid), including Exhibits A and B; (3) Exhibit 2 to the Opposition (Declaration of Tom Hagan); and (4) Exhibit 4 to the Opposition (Declaration of Tapan Padhi).

**Local Rule 3.01(g) Certification**

Defendants' counsel has conferred with Plaintiff's counsel.  Plaintiff does not oppose the relief requested, but the parties do not agree with certain characterizations made about each other's documents in the motion.

Dated:  November 20, 2018                              Respectfully submitted,

*/s/ Ellen K. Lyons*
Ellen K. Lyons (FBN: 57819)
elyons@cfjblaw.com
CARLTON FIELDS JORDEN BURT
4221 W. Boy Scout Blvd.
Suite 1000
Tampa, FL 33607
Tel: 813-229-4327
Fax: 813-229-4133

Michael S. Doluisio (*pro hac vice*)
Michael.doluisio@dechert.com
Stuart T. Steinberg (*pro hac vice*)
Stuart.steinberg@dechert.com
DECHERT LLP
Cira Centre
2929 Arch St.
Philadelphia, PA 19104
Tel: 215-994-2521
Fax: 215-994-2222

Michael G. Cowie
Michael.cowie@dechert.com
DECHERT LLP
1900 K Street, NW
Washington, D.C. 20006
Tel. 202.261.3339
Fax:  202.261.3333

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

*/s/ Ellen K. Lyons*
Attorney

9

116290012.1